UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EMMANUEL PALMER,

        Plaintiff,

v.

        Case Number 09-14642
        Honorable David M. Lawson
        Magistrate Judge Mona K. Majzoub

NICK LUDWICK, AUTUMN RAMATZ,
BARBRA HESSBROOK, LIEUTENANT
FLORE, R.U.O. HARRINGTON, R.U.O.
JACKSON, C.O. HENSLEY, C.O.
BEAURGARD, C.O. CHEOPELO, C.O.
G. THELEN, SGT. SHAW, and PATRICIA
CARUSO,

        Defendants.

_____/

**OPINION AND ORDER ADOPTING MAGISTRATE JUDGE'S REPORT
AND RECOMMENDATION, OVERRULING DEFENDANTS' OBJECTIONS
TO REPORT AND RECOMMENDATION, GRANTING IN PART AND DENYING
IN PART DEFENDANTS' MOTION FOR SUMMARY JUDGMENT,
AND CONTINUING ORDER OF REFERENCE**

The matter is before the Court on the objections by some of the defendants to the report filed by Magistrate Judge Mona K. Majzoub recommending that the defendants' motion for summary judgment be granted in part and denied in part. The Court entered a general order of reference to conduct all pretrial matters, after which the defendants filed their motion. Judge Majzoub filed her report on November 18, 2010. Defendants Hessbrook, Flore, Shaw, Beauregard, Hensley, and Thelen filed timely objections. The matter is before the Court for a *de novo* review. The plaintiff has not objected to the report and recommendation, although the time for doing so has expired.

I.

The facts of the case have been discussed thoroughly by the magistrate judge in her report. The defendants have not objected to the factual recitations. For context, the case was brought by the plaintiff, a Michigan prisoner, for injuries allegedly incurred while he was housed at the St. Louis Correctional Facility in St. Louis, Michigan (SLF). In 2003, before he began serving his sentence, he was shot in the right foot injuring his great toe, and as a result he alleged that he could not wear state-issued shoes comfortably. On June 29, 2008, the plaintiff sought medical treatment for foot pain. He says he was refused. As a consequence of his untreated toe injury, the plaintiff alleges that on July 1, 2008, he fell down a flight of brick and steel stairs, injuring his right hip, right shoulder, and right rib cage. He says that he was in great pain as a result of the fall, and he was not given proper medical attention for those injuries. He also says that he was placed in administrative segregation and denied food during the time that his injuries prevented him from walking to the clinic and the food hall.

The plaintiff, who presently is on parole, filed a complaint against the warden and other personnel at SLF alleging a violation of his civil rights under 42 U.S.C. § 1983 based on the defendants' deliberate indifference to his serious medical needs because the defendants refused, delayed, or inadequately provided him with medical treatment. Named as defendants are Warden Nick Ludwick, Lieutenant Kenneth Flore, Sergeant Eric Shaw, Resident Unit Officers (RUOs) Donald Beauregard, Gary Hensley, Ryan Jackson, and Steven Harrington, Corrections Officers (CO) Glen Thelen and John Chapelo, and Registered Nurses (RNs) Autumn Romatz and Barbara Hessbrook. The plaintiff contends the actions and inactions of these defendants violated his rights under the Eighth Amendment and amounted to negligence against some of the defendants under

state law. Before filing the complaint in this case, the plaintiff filed a series of grievances, as discussed by Judge Majzoub in her report.

Before any discovery was conducted, the defendants filed their motion for summary judgment based mainly on the complaint and the grievances. The thrust of the motion is that the plaintiff failed to exhaust his administrative remedies available to him at the prison, and the allegations in the complaint do not amount to a violation of the Eighth Amendment.

The magistrate judge recommends granting in part the defendants' motion for summary judgment and dismissing some of the defendants from the case, as follows: (1) granting summary judgment to Warden Ludwick because the plaintiff failed to name Ludwick in any grievances on matters related to the events addressed in his amended complaint, and because the plaintiff has failed to demonstrate that Ludwick actively participated in, encouraged, or knowingly acquiesced in any unconstitutional conduct; (2) granting summary judgment to defendant Jackson because the petitioner failed to exhaust administrative remedies against him; (3) granting summary judgment to defendant Ramatz because the plaintiff cannot demonstrate she was deliberately indifferent to his serious medical needs; (4) granting summary judgment to defendant Harrington because the plaintiff cannot demonstrate that he was deliberately indifferent to his serious medical needs; (5) denying summary judgment on the plaintiff's Eighth Amendment deliberate indifference claims against defendants Hessbrook, Hensley, Flore, Beaurgard, Thelen and Shaw because there remains a genuine issue of material fact as to whether they were deliberately indifferent to his serious medical needs following the plaintiff's fall down the stairs; (6) granting summary judgment to defendant Hensley on the plaintiff's other Eighth Amendment cruel and unusual punishment claim and dismissing that claim because the plaintiff failed to demonstrate that the defendant violated the

Eighth Amendment by depriving him of food. The magistrate judge further recommends that the Court decline to exercise supplemental jurisdiction over state law claims of negligence against any dismissed defendants.

As noted above, the plaintiff did not object to the recommendation. Defendants Hessbrook, Flore, Shaw, Beauregard, Hensley, and Thelen filed the following three objections: (1) the plaintiff's allegation that RN Hessbrook improperly assessed his injuries fails to state a claim; (2) the plaintiff's allegation that RUO Hensley refused to contact healthcare fails to state a claim; and (3) the plaintiff's allegation that Lientenant Flore, Sergeant Shaw, RUO Beauegard, and CO Thelen denied him medical care fails to state a claim.

II.

Objections to a report and recommendation are reviewed *de novo*. "A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). The parties' failure to file objections to the report and recommendation waives any further right to appeal. *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596-97 (6th Cir. 2006); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Likewise, the failure to object to the magistrate judge's report releases the Court from its duty to independently review the motion. *Thomas v. Arn*, 474 U.S. 140, 149 (1985).

The Sixth Circuit has stated that "[o]verly general objections do not satisfy the objection requirement." *Spencer v. Bouchard*, 449 F.3d 721, 725 (6th Cir. 2006). "The objections must be clear enough to enable the district court to discern those issues that are dispositive and contentious."

*Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995). "'[O]bjections disput[ing] the correctness of the magistrate's recommendation but fail[ing] to specify the findings . . . believed [to be] in error' are too general." *Spencer*, 449 F.3d at 725 (quoting *Miller*, 50 F.3d at 380). "[T]he failure to file specific objections to a magistrate's report constitutes a waiver of those objections." *Cowherd v. Million*, 380 F.3d 909, 912 (6th Cir. 2004).

As noted above, the plaintiff has not filed objections, so the Court will adopt that portion of the recommendation that suggests granting the motion for summary judgment as to certain defendants and dismissing certain claims.

As mentioned, the part of the amended complaint that remains in play alleges a violation of the Eighth Amendment by the plaintiff's custodians' deliberate indifference to the plaintiff's medical needs. The Eighth Amendment secures protection against deliberate indifference to serious medical needs of convicted persons. *Farmer v. Brennan*, 511 U.S. 825 (1994). Under that amendment, "[t]he test to determine whether [a defendant] acted with 'deliberate indifference' has an objective and subjective component." *Napier v. Madison Cnty.*, 238 F.3d 739, 742 (6th Cir. 2001). To succeed on a claim of deliberate indifference, the plaintiff must offer evidence on both components: the objective serious medical need, and the defendant's subjective deliberate indifference to it. *Farmer*, 511 U.S. at 834.

A serious medical need is "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Blackmore v. Kalamazoo Cnty.*, 390 F.3d 890, 897 (6th Cir. 2004) (quoting *Gaudreault v. Municipality of Salem*, 923 F.2d 203, 208 (1st Cir. 1990)). "To satisfy the subjective component, the plaintiff must allege facts which, if true, would show that the official being sued

subjectively perceived facts from which to infer substantial risk to the prisoner, that he did in fact draw the inference, and that he then disregarded that risk." *Comstock v. McCrary*, 273 F.3d 693, 707 (6th Cir. 2001) (citing *Farmer*, 511 U.S. at 837). The Sixth Circuit further noted that

> [a]lthough the plaintiff bears the onerous burden of proving the official's subjective knowledge, this element is subject to proof by "the usual ways." *Farmer*, 511 U.S. at 842. Thus, the Supreme Court noted that it was permissible for reviewing courts to infer from circumstantial evidence that a prison official had the requisite knowledge. *Id.* at 842. Moreover, the Court warned, a prison official may "not escape liability if the evidence showed that he merely refused to verify underlying facts that he strongly suspected to be true, or declined to confirm inferences of risk that he strongly suspected to exist." *Id.* at 843 n.8.

*Id.* at 703.

Deliberate indifference is the "equivalent of recklessly disregarding [a substantial risk of serious harm to a prisoner]." *Dominguez v. Correctional Med. Servs.*, 555 F.3d 543, 550 (6th Cir. 2009) (quoting *Phillips v. Roane Cnty.*, 534 F.3d 531, 540 (6th Cir. 2008)). However, the Sixth Circuit also held that "less flagrant conduct may also constitute deliberate indifference in medical mistreatment cases." *Terrance v. Northville Reg'l Psychiatric Hosp.*, 286 F.3d 834, 843 (6th Cir. 2002). In particular, the Sixth Circuit endorsed the standard of "grossly inadequate medical care," under which medical treatment is "'so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness.'" *Id.* at 844 (quoting *Waldrop v. Evans*, 871 F.2d 1030, 1035 (11th Cir. 1989)). Differences in judgment between an inmate and prison medical personnel regarding appropriate medical diagnoses or treatment are insufficient to state a deliberate indifference claim. *Sanderfer v. Nichols*, 62 F.3d 151, 154-55 (6th Cir. 1995).

Against that background, the Court will address the defendant's specific objections.

*A. RN Hessbrook*

The defendants first argue that the plaintiff's allegation that nurse Hessbrook improperly assessed his injuries fails to state a claim, and should therefore not withstand summary judgment.

In his amended complaint, the plaintiff alleges that defendant Hessbrook failed to conduct an adequate medical examination of him, failed to use the knowledge, skill, and care expected of her profession, and failed to maintain a reasonably complete and organized system of medical records, all of which constituted deliberate indifference to his medical needs in violation of the Eighth Amendment. The record shows that the plaintiff submitted a grievance on July 30, 2008 in which he alleged that RN Hessbrook did not properly evaluate his injuries after his fall because she looked only at his ribs and shoulder (as opposed to x-raying) and provided ice for "severe swelling"; the plaintiff alleges that she was deliberately indifferent to his hip injury. The defendants argue that the record, including Hessbrook's affidavit, the Major Misconduct Report, and the grievance records, indicate that Hessbrook conducted a complete examination of the plaintiff following his unwitnessed fall, and her examination showed no physical abnormalities.

The magistrate judge found a genuine issue of material fact as to whether defendant Hessbrook was deliberately indifferent to the plaintiff's serious medical needs because the record was devoid of the plaintiff's medical records, and the plaintiff alleges (and Hessbrook acknowledges) that he was in severe pain and unable to place weight on his right leg. The magistrate judge found that Hessbrook had not provided sufficient evidence to show that there is no genuine issue of material fact as to whether the plaintiff had sustained serious injury in his alleged fall, and therefore a fact issue remained as to whether Hessbrook was deliberately indifferent to the plaintiff's needs.

The defendants argue that the plaintiff's claim against Hessbrook is nothing more than a medical malpractice claim because his only argument is that she mis-diagnosed his condition. The defendants correctly note that ordinary malpractice is not actionable under the Eighth Amendment. "Deliberate indifference is not mere negligence," *Watkins v. City of Battle Creek*, 273 F.3d 682, 686 (6th Cir. 2001), and mere allegations of malpractice are insufficient to state a claim. *Estelle v. Gamble*, 429 U.S. 97, 106 (1986).

However, the defendants have provided none of the plaintiff's medical records to substantiate their claims that he was fully examined by medical personnel, and that none of his examinations demonstrated serious injury. Under Federal Rule of Civil Procedure 56, "[t]he party bringing the summary judgment motion has the initial burden of informing the district court of the basis for its motion and identifying portions of the record that demonstrate the absence of a genuine dispute over material facts." *Alexander v. CareSource*, 576 F.3d 551, 558 (6th Cir. 2009) (citing *Mt. Lebanon Personal Care Home, Inc. v. Hoover Universal, Inc.*, 276 F.3d 845, 848 (6th Cir. 2002). Although it may be true that RN Hessbrook thoroughly examined the plaintiff and determined, based upon her medical opinion, that his injuries were not substantial or did not require more than bed rest, ice, and ibuprofen, the defendants have not provided documentation of these examinations to counter the plaintiff's claims of extreme swelling, pain, and weeks of ignored requests for medical attention. The plaintiff contends that he will be able to support his claims with medical records and witnesses once discovery is completed. The record indicates that at the time the defendants filed their motion for summary judgment, discovery had not commenced in this case.

Viewing the facts in a light most favorable to the plaintiff, the Court concludes that defendant Hessbrook is not entitled to summary judgment at this time. There remain genuine issues

of fact as to both the seriousness of the plaintiff's injury and whether, if the plaintiff's injuries are ultimately determined to have been serious, Hessbrook subjectively perceived facts from which to infer substantial risk to the prisoner, that she did in fact draw the inference, and that she then disregarded that risk during her two examinations of the plaintiff.

    *B. RUO Hensley*

The defendants next object to the magistrate judge's recommendation that the court deny defendant Hensley's request for summary judgment.

In his amended complaint, the plaintiff argues that RUO Hensley observed him outside of his cell "in pain" on July 2, 2008, and that he informed Hensley that he was unable to walk to the chow hall and needed to go to medical. The plaintiff alleges that although Hensley told him the return to his cell and that he would call the medical department and get him a lay-in tray, the plaintiff was neither provided a lay-in tray nor seen by medical that day, and that this amounted to deliberate indifference in violation of his Eighth Amendment rights.

The defendants argue that "at best" the plaintiff's claim against RUO Hensley amounts to a claim of delay in obtaining medical attention. They cite *Napier v. Madison County*, 238 F.3d 739 (6th Cir. 2001), in which the Sixth Circuit held that "[a]n inmate who complains that delay in medical treatment rose to a constitutional violation must place verifying medical evidence in the record to establish the detrimental effect of the delay in medical treatment to succeed." *Napier*, 238 F.3d at 742 (quoting *Hill v. Dekalb Reg'l Youth Det. Cent.*, 40 F.3d 1176, 1188 (11th Cir. 1994)). However, the Sixth Circuit has limited the reach of *Napier*:

> [T]he 'verifying medical evidence' requirement is relevant to those claims *involving minor maladies or non-obvious complaints of a serious need for medical care. . . .* In a word, *Napier* does not apply to medical care claims where facts show an obvious need for medical care that laymen would readily discern as requiring prompt medical

-9-

> attention by competent health care providers. *Napier* applies where the plaintiff's "deliberate indifference" claim is based on the prison's failure to treat a condition adequately, or where the prisoner's affliction is seemingly minor or non-obvious. In such circumstances, medical proof is necessary to assess whether the delay caused a serious medical injury.

*Blackmore v. Kalamazoo Cnty.*, 390 F.3d 890, 898 (6th Cir. 2004) (emphasis added). In *Blackmore*, the petitioner complained of sharp and severe stomach pains for an extended period of time, vomited, and his medical condition was deemed sufficiently serious by the jailer to place him in an observation cell. Under those sets of facts, the Sixth Circuit found that a jury could reasonably have found the petitioner had a serious need for medical care that was "so obvious that even a layperson would easily recognize the necessity for a doctor's attention." *Id.* at 899 (quoting *Gaudreault v. Municipality of Salem*, 923 F.2d 203, 208 (1st Cir. 1990)).

Based on *Blackmore*, the Court finds that the record does not yet reflect whether the plaintiff's claimed injuries "were so obvious that even a layperson would easily recognize the necessity for a doctor's attention." The plaintiff alleges that Hensley saw him in the hall "in pain," Amended Compl. ¶ 10, and that he told Hensley that he could not walk and that he needed to go to medical. Because fact issues remain, summary judgment as to defendant Hensley must be denied.

### C. Lieutenant Flore, Sergeant Shaw, RUO Beauregard, and CO Thelen

In his amended complaint, the plaintiff alleged that these defendants were deliberately indifferent to his serious medical needs in violation of the Eighth Amendment when they failed to provide him with medical care after observing him collapse on the floor in pain. As with defendant Hensley, the magistrate judge found that "[d]efendants have not provided sufficient evidence to show that there is no genuine issue of material fact that Plaintiff sustained a serious injury in the fall,

and that the Defendants were deliberately indifferent to Plaintiff's serious medical needs." Rep. & Rec. at 11.

The defendants argue that (1) the plaintiff's version of the events is in conflict with the Major Misconduct Report, and (2) at best, the plaintiff's claim against the defendants amounts to delay in medical attention, that the plaintiff was seen by medical personnel later that day, and that he has failed to establish that the delay resulted in a detrimental effect. However, as noted above, the present state of the record does not permit a conclusion that the defendants' version of the events is true and the plaintiff's is not. There remains a genuine issue of material fact as to whether the plaintiff's injuries were "so obvious that even a layperson would easily recognize the necessity for a doctor's attention."

Finally, the magistrate judge recommended that the Court not retain jurisdiction over the negligence claim. That makes good sense here. A court has discretion to "decline to exercise supplemental jurisdiction" over state law claims that are joined with federal claims. 28 U.S.C. § 1367(c). "In determining whether to retain jurisdiction over state-law claims, a district court should consider and weigh several factors, including the 'values of judicial economy, convenience, fairness, and comity.'" *Gamel v. City of Cincinnati*, 625 F.3d 949, 951 (6th Cir. 2010) (quoting *Carnegie–Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988)). The negligence claim here invokes a state law that is markedly different than the Eighth Amendment's requirements. Intertwining the two claims may be confusing and serve no good purpose.

III.

The Court finds that the magistrate judge correctly applied the governing law. The defendant's objections have no merit. The plaintiff has filed no objections to the report and recommendation.

Because the defendants have not filed objections that address the issues relating to them in the latest report and recommendation, the Court will overrule the objections and adopt the magistrate judge's recommendation. It appears that pretrial proceedings are complete, so the Court will withdraw the reference and schedule the matter for trial.

Accordingly, it is **ORDERED** that the magistrate judge's report and recommendation [dkt #32] is **ADOPTED**.

It is further **ORDERED** that the defendants' objections to the magistrate judge's report and recommendation [dkt #36] are **OVERRULED**.

It is further **ORDERED** that the motion for summary judgment [dkt. #22] is **GRANTED IN PART AND DENIED IN PART**.

It is further **ORDERED** that the plaintiff's state law claims of negligence against all defendants are **DISMISSED WITHOUT PREJUDICE**.

It is further **ORDERED** that the complaint and amended complaint are **DISMISSED WITH PREJUDICE** as to defendants Ludwick, Jackson, Harrington, and Ramatz, **ONLY**.

It is further **ORDERED** that the plaintiff's claim for violation of the Eighth Amendment against defendant Hensley for deprivation of food is **DISMISSED WITH PREJUDICE**.

It is further **ORDERED** that the motion for summary judgment is **DENIED** in all other respects.

It is further **ORDERED** that the matter is referred to Magistrate Judge Mona K. Majzoub under the previous reference order [dkt. #5] to ready the matter for trial, and to conduct a trial if the parties consent under 28 U.S.C. § 626(b)(1)(c).

s/David M. Lawson<br>
DAVID M. LAWSON<br>
United States District Judge

Dated: July 21, 2011

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on July 21, 2011.

s/Susan K Pinkowski
SUSAN K. PINKOWSKI

---