**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

**EMMANUEL PALMER,**

      **Plaintiff,**             **CIVIL ACTION NO. 09-CV-14642**

    **vs.**

                          **DISTRICT JUDGE DAVID M. LAWSON**

**NICK LUDWICK, AUTUMN**      **MAGISTRATE JUDGE MONA K. MAJZOUB**
**ROMATZ, BARBARA HESSBROOK,**
**KENNETH FLORE, STEVEN HARRINGTON,**
**RYAN JACKSON, GARY HENSLEY, DONALD**
**BEAUREGARD, JOHN CHAPELO, GLEN THELEN,**
**ERIC SHAW, and PATRICIA CARUSO,**

      **Defendants.**
_____/

**REPORT AND RECOMMENDATION**

**I.**    <u>**RECOMMENDATION:**</u>  This Court recommends that the Motion for Summary Judgment

filed by Defendant John Chapelo (docket no. 61) be **GRANTED**.

**II.**    <u>**REPORT**</u>:

      This is a *pro se* civil rights action filed by a former prisoner pursuant to 42 U.S.C. § 1983

and state law.  (Docket no. 2).  With respect to this motion Defendant is St. Louis Correctional

Facility ("SLF") Corrections Officer ("CO") John Chapelo.  According to the amended complaint,

on July 3, 2008 Defendant Chapelo stood by and did nothing as Plaintiff sat on the ground for two

minutes writhing in agony from an injury to his great toe.  Plaintiff claims that he pleaded with

Defendant Chapelo to call medical but he was refused medical care.  (Docket no. 2).  He sues

Defendant Chapelo in his personal capacity for deliberate indifference in violation of the Eighth

Amendment. (Docket no. 2).  Plaintiff did not file a response to Defendant Chapelo's Motion for

Summary Judgment and the time for responding has expired.  This case has been referred to the undersigned for general case management.  (Docket no. 5).  The Court dispenses with oral argument pursuant to E.D. Mich. LR 7.1(f).  This matter is now ready for ruling under 28 U.S.C. § 636(b)(1)(B).

## B.    Standard

Defendant Chapelo moves for summary judgment pursuant to Federal Rule of Civil Procedure 56.  Summary judgment is appropriate where the moving party shows that there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  The moving party has the burden of showing an absence of evidence to support the non-moving party's case. *Covington v. Knox Cnty. Sch. Sys.*, 205 F.3d 912, 915 (6th Cir. 2000).  Once the moving party has met its burden of production, the non-moving party must come forward with significant probative evidence showing that a genuine issue exists for trial.  *Id.*  A mere scintilla of evidence is insufficient to defeat a properly supported motion for summary judgment; rather, "there must be evidence on which the jury could reasonably find for the [non-moving party]." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986).

## C.    Analysis

Defendant Chapelo argues that Plaintiff is barred from proceeding on his claim because he failed to properly exhaust his administrative remedies against him as required under the Prison Litigation Reform Act.  In a previous Report and Recommendation this Court found that Plaintiff filed three grievances through Step III, but that none of these grievances exhausted issues with regard to the July 3, 2008 incident.  (Docket nos. 32, 48).  Defendant Chapelo's exhibits in support of his motion confirm this to be true.  (Docket no. 61, exs. H-J).  The Court further found that there

2

remained genuine issues of fact with regard to whether Plaintiff attempted to file three other grievances that may have exhausted his claims with regard to the July 3, 2008 incident, but that Plaintiff claimed he could not exhaust those grievances because he was denied access to the grievance process while he was in administrative segregation.  The Court found that if an inmate was prevented from exhausting his grievances by prison officials, administrative exhaustion was not available and the inmate would not be barred from proceeding to court on his claims.  (Docket no. 32).

Defendant Chapelo has completed discovery in this case and submits three grievance forms that were allegedly filed by Plaintiff while Plaintiff was in administrative segregation but that bear no outward indication that they were exhausted.  (Docket no. 61, ex. K-M).  One of these grievances names Defendant Chapelo with regard to the July 3, 2008 incident.  (Docket no. 61, ex. L). Defendant Chapelo also submits Plaintiff's deposition testimony in which Plaintiff testifies that he was not under any prohibition on filing grievances while he was in segregation.  (Docket no. 61, ex. A at p. 81).  Plaintiff has not provided any evidence in response to the instant motion to show that he was prevented from exhausting his administrative remedies while in segregation.  Accordingly, based on the evidence attached to Defendant's motion, the Court finds that Plaintiff failed to exhaust his administrative remedies against Defendant Chapelo with regard to the July 3, 2008 incident.

Next, Defendant Chapelo argues that he is entitled to qualified immunity because he was not present when Plaintiff fell down a flight of stairs on July 1, 2008 and therefore was not personally involved in denying Plaintiff medical treatment for injuries sustained in the fall.  The Court has reviewed the claims made by Plaintiff in the amended complaint and concludes that it does not state a claim against Defendant Chapelo with respect to the July 1, 2008 fall.  Rather, the only allegation

raised against Defendant Chapelo pertains to the July 3, 2008 incident.  Plaintiff's deposition testimony confirms that he is not asserting a claim against Defendant Chapelo relative to the July 1, 2008 fall.  (Docket no. 61, ex. A at p. 44).  Accordingly, the Court will not address Defendant Chapelo's arguments with respect to the July 1, 2008 fall.

Because the Court finds that Plaintiff has not demonstrated that he exhausted his claim against Defendant Chapelo, this Court recommends that Defendant Chapelo's Motion for Summary Judgment be granted.

### III.   <u>NOTICE TO PARTIES REGARDING OBJECTIONS:</u>

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation.  *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n Of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Any objections must be labeled as "Objection #1," "Objection #2," etc.  Any objection must recite *precisely* the provision of this Report and Recommendation to which it pertains.  Not later than fourteen days after service of an objection, the opposing party must file a concise response proportionate to the objections in length and complexity.  The response must specifically address

each issue raised in the objections, in the same order and labeled as "Response to Objection #1,"

"Response to Objection #2," etc.

Dated: June 19, 2012                              s/ Mona K. Majzoub
                                                 MONA K. MAJZOUB
                                                 UNITED STATES MAGISTRATE JUDGE


## PROOF OF SERVICE

I hereby certify that a copy of this Report and Recommendation was served upon Emmanuel

Palmer and Counsel of Record on this date.


Dated: June 19, 2012                              s/ Lisa C. Bartlett
                                                 Case Manager

5