UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EMMANUEL PALMER,

       Plaintiff,                          CIVIL ACTION NO. 09-CV-14642

vs.

                                             DISTRICT JUDGE DAVID M. LAWSON

NICK LUDWICK, AUTUMN          MAGISTRATE JUDGE MONA K. MAJZOUB
ROMATZ, BARBARA HESSBROOK,
KENNETH FLORE, STEVEN HARRINGTON,
RYAN JACKSON, GARY HENSLEY, DONALD
BEAUREGARD, CHEOPELO, GLEN THELEN,
ERIC SHAW, and PATRICIA CARUSO,

       Defendants.
_____/

### REPORT AND RECOMMENDATION

**I. RECOMMENDATION:** This Court recommends that the second Motion for Summary Judgment filed by Defendants Hessbrook, Flore, Hensley, Beauregard, Shaw, and Thelen (docket no. 70) be **GRANTED** as to Defendant Hessbrook and **DENIED** as to Defendants Flore, Hensley, Beauregard, Shaw, and Thelen.

**II. REPORT**:

    This is a *pro se* civil rights action filed pursuant to 42 U.S.C. § 1983 and state law. (Docket no. 2). Subsequent to the filing of the complaint Plaintiff was released from prison. Defendants filed the instant second Motion for Summary Judgment in July 2012. (Docket no. 70). With respect to the instant motion Defendants are St. Louis Correctional Facility ("SLF") Lieutenant Kenneth Flore, Sergeant Eric Shaw, Corrections Officers ("CO") Donald Beauregard, Gary Hensley, and Glen Thelen, and Registered Nurse ("RN") Barbara Hessbrook. Plaintiff filed a response to the

1

motion. (Docket no. 77). This case has been referred to the undersigned for general case management. (Docket no. 5). The Court dispenses with oral argument pursuant to E.D. Mich. LR 7.1(f). This matter is now ready for ruling under 28 U.S.C. § 636(b)(1)(B).

**A.     Facts and Procedural History**

The facts of this case have been set forth in detail in previous Reports and Recommendations. As a brief overview, Plaintiff alleges that he fell down a flight of stairs causing injury to his right hip, right shoulder, and right rib cage after Defendants refused to treat him for a preexisting gun shot injury to his right toe. (Docket no. 2 at ¶ 7). Plaintiff claims that Defendant Hessbrook responded to the incident but failed to examine his hip. He claims that he was denied medical care and food because he was unable to walk to his medical call-out and to the chow hall. (Docket no. 2 at ¶ 10). He also alleges that Defendant Hensley observed him sitting in the hallway in pain and ordered him to walk to the chow hall to eat. When Plaintiff was unable to do so, Defendant Hensley allegedly ordered Plaintiff to his cell and told him that he would call health care and food service for a lay in food tray. (Docket no. 2 at ¶ 10). Plaintiff states that he was not seen by health care and he did not receive a food tray that day.

Plaintiff alleges that on July 3, 2008 he attempted to drag himself to chow hall but collapsed from pain. (Docket no. 2 at ¶ 11). He claims that Defendants Flore, Beauregard, Thelen, and Shaw watched him collapse but refused to call for medical assistance. He contends that Defendant Flore eventually ordered a wheelchair and ordered Plaintiff to return to his housing unit instead of to health care. When Plaintiff explained that his injured right shoulder prevented him from operating the wheelchair, Defendant Flore allegedly had Plaintiff handcuffed and taken to administrative segregation for disobeying an order and for creating a disturbance. (Docket no. 2 at ¶ 12).

Plaintiff states that within thirty minutes of arriving in administrative segregation he was lying naked on the floor of a shower. He claims that Defendant Hessbrook had him removed from the shower but refused him medical care other than to give him Tylenol for pain. Plaintiff alleges that he was denied medical care for eighteen days while in administrative segregation. He seeks damages and sues Defendants in their individual capacities. (Docket no. 2).

Defendants filed a first Motion for Summary Judgment in March 2010 before the parties had engaged in discovery. (Docket no. 22). The Court in response to that motion found that there remained genuine issues of material fact as to whether Plaintiff was prevented from exhausting his administrative remedies as to Defendants Flore, Shaw, Thelen, and Beauregard, and as to whether Defendants Hessbrook, Hensley, Flore, Beauregard, Thelen, and Shaw were deliberately indifferent to Plaintiff's serious medical needs. The Court further found that Plaintiff's claim against Defendant Hensley for food deprivation should be dismissed. (Docket nos. 32, 48). Defendants filed the instant second Motion for Summary Judgment in July 2012 after seeking and obtaining leave of Court to do so. (Docket no. 63).

**B.   Governing Law**

Summary judgment is appropriate where "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The moving party has the burden of showing an absence of evidence to support the non-moving party's case. *Covington v. Knox Cnty. Sch. Sys.*, 205 F.3d 912, 915 (6th Cir. 2000). Once the moving party has met its burden of production, the non-moving party must come forward with significant probative evidence showing that a genuine issue exists for trial. *Id.*

## C.    Analysis

To establish a cognizable claim for a violation of the Eighth Amendment under a theory of deliberate indifference to a serious medical need, an inmate must show that he suffered from a serious medical need and the official acted with a sufficiently culpable state of mind. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). A sufficiently serious medical need is one that has been diagnosed by a physician as mandating treatment or is so obvious that even a lay person would easily recognize the necessity for a doctor's attention. *Blackmore v. Kalamazoo Cnty.*, 390 F.3d 890, 897 (6th Cir. 2004) (citations omitted). An official acts with deliberate indifference when he consciously disregards an excessive or substantial risk to inmate health or safety. *Farmer v. Brennan*, 511 U.S. at 837. To prevail under § 1983 a plaintiff must show that each defendant was personally involved, or otherwise authorized, the alleged unconstitutional conduct. *Leach v. Shelby Cnty. Sheriff*, 891 F.2d 1241, 1246 (6th Cir. 1989). Differences in judgment between an inmate and prison medical personnel regarding the appropriate medical diagnosis or treatment are not enough to state a deliberate indifference claim. *Hill v. Haviland*, 68 Fed. Appx 603, 604 (6th Cir. 2003) (citing *Estelle v. Gamble*, 429 U.S. 97, 107 (1976)). Thus, "[w]here a prisoner has received some medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments and constitutionalize claims that sound in state tort law." *Westlake v. Lucas*, 537 F.2d 857, 860 n.5 (6th Cir. 1976).

### 1.    Defendant Hessbrook

Plaintiff alleges in his amended complaint that Defendant Hessbrook failed to conduct an adequate medical examination after he fell down the stairs on July 1, 2008, failed to use the knowledge, skill, and care expected of her profession, and failed to maintain a reasonably complete

and organized system of medical records, all of which constituted deliberate indifference to his serious medical needs in violation of the Eighth Amendment. (Docket no. 2 at ¶ 19). Specifically he claims that Defendant Hessbrook evaluated his rib cage and right shoulder after his fall but failed to examine or take x-rays of his right hip. (Docket no. 2 at ¶ 8).

Defendants argue that Defendant Hessbrook's affidavit along with Plaintiff's medical records attached in support of her affidavit provide sufficient evidence to show that there is no genuine issue of material fact that Defendant Hessbrook was deliberately indifferent to Plaintiff's medical needs. Defendants contend that Defendant Hessbrook provided medical treatment for Plaintiff on July 1, 2, and 3, 2008, and claim that Plaintiff's allegation against Defendant Hessbrook amount to nothing more than a claim of negligence or a simple disagreement over his course of treatment.

A medical entry made by Defendant Hessbrook on July 1, 2008 shows that Defendant Hessbrook responded to the scene after Plaintiff fell down the stairs and evaluated Plaintiff's injuries. (Docket no. 70, ex. B). Defendant Hessbrook checked Plaintiff's vital signs, noted that Plaintiff was able to move all extremities, and determined that there was no evidence of any sort of deformity on palpation. Defendant Hessbrook documented that she found no abnormal findings but noted that Plaintiff complained of pain and would not bear weight on his right lower extremity when he transferred to a wheelchair. She determined that Plaintiff should lay in for the evening and morning with ice and Ibuprofen for pain, and she would recheck him in the morning to assess his need for x-rays or further lay in. The following day, on July 2, 2008, Defendant Hessbrook documented that health care was notified that Plaintiff rolled over on his bunk and refused to respond to correction officers when he was called out for his medical appointment. (Docket no. 70, ex. D). In his deposition, Plaintiff testified that he did not refuse medical treatment, but rather he was

physically unable to walk to medical. (Docket no. 70, ex. A at p. 54).

The next day, on July 3, 2008, Defendant Hessbrook saw Plaintiff and evaluated him for complaints of right hip pain with walking. (Docket no. 70, ex. G). Defendant Hessbrook recorded Plaintiff's vital signs, noted that he refused to stand from his wheelchair, and documented that he resisted movement of his leg but was able to flex his right hip and knee without difficulty. Defendant Hessbrook noted that Plaintiff reported tenderness on palpation but denied numbness and tingling. She advised Plaintiff to move his leg and walk to tolerance, and prescribed Tylenol for pain relief with daily follow-up visits during nursing rounds. Defendant Hessbrook states in her affidavit that based on her assessment of Plaintiff's condition, she determined that x-rays were not necessary. (Docket no. 70, ex. C).

The Court has previously found that there are questions of fact as to whether Plaintiff suffered from an objectively serious medical condition. The evidence submitted to the Court in relation to the instant motion does not resolve this issue. However, even if Plaintiff is able to meet the objective component of his claim and demonstrate that he had a serious medical need, the evidence before the Court fails to establish the existence of a genuine issue of material fact that Defendant Hessbrook had a sufficiently culpable state of mind. Plaintiff received medical treatment from Defendant Hessbrook on July 1 and July 3, 2008, and now objects to the adequacy of that treatment. As such, Plaintiff's Eighth Amendment claim against Defendant Hessbrook does not rise to the level required to establish deliberate indifference to a serious medical need. Defendant Hessbrook is entitled to summary judgment on Plaintiff's Eighth Amendment claim.

**2.      Defendant Hensley**

Plaintiff alleges that Defendant Hensley showed deliberate indifference to his medical needs

when he failed to make good on his promise to call health care and get Plaintiff a lay in food tray after he observed Plaintiff sitting in the hallway in pain on July 2, 2008. Defendants contend that Defendant Hensley is entitled to qualified immunity because he did contact health care on July 2, 2008, he was informed that Plaintiff would be seen the next day, and he did not perceive Plaintiff to be in any sort of distress that would require immediate medical care.

The record shows that Plaintiff complained of pain in his right lower extremity, refused to bear weight on his right side, and asked for medical assistance. As previously indicated, the record does not establish whether or not Plaintiff's injuries meet the objective component of an Eighth Amendment claim. As for the subjective component of the claim, Defendant Hensley submitted separate sworn affidavits in support of the first and second Motions for Summary Judgment. In the first affidavit, Defendant Hensley states that he never told Plaintiff that he would call health care or get Plaintiff a lay in food tray on July 2, 2008. (Docket no. 22, ex. I). In the second affidavit, Defendant Hensley changes his declarations, stating instead that he did in fact contact health care after he was asked to do so by Plaintiff, and declaring that he was told by a nurse that Plaintiff would be seen the next day in health care. (Docket no. 70, ex. H). Defendant Hensley states in the second affidavit that Plaintiff did not appear to be in any distress or require immediate medical attention.

Considering the inconsistencies in Defendant Hensley's affidavits, and the lack of other evidence supporting the motion with respect to Defendant Hensley, the undersigned finds that Defendant Hensley has failed to show an absence of material issues of fact as to whether he perceived that Plaintiff suffered from a serious medical condition, and if so, whether he consciously disregarded an excessive or substantial risk to Plaintiff's health or safety. Because material fact issues remain, the undersigned recommends that summary judgment as to Defendant Hensley be

denied.

### 3.     Defendants Flore, Beauregard, Thelen, and Shaw

Plaintiff alleges in his amended complaint that Defendants Flore, Beauregard, Thelen, and Shaw were deliberately indifferent to his serious medical needs when they failed to provide him with medical care after observing him collapse on the floor in pain on July 3, 2008.  In its previous order the Court found that there remained genuine issues of material fact as to whether Plaintiff's injuries were objectively serious.  In the second Motion for Summary Judgment Defendants argue that they are entitled to qualified immunity because they were not present and thus did not have the requisite personal involvement to be liable under 42 U.S.C. § 1983 for being deliberately indifferent to Plaintiff's medical needs on July 1, 2008, the day Plaintiff fell down a flight of stairs.  (Docket no. 70).

Plaintiff's deposition testimony indicates that Defendants Flore, Beauregard, Shaw, and Thelen were not present on July 1, 2008 when he fell down the stairs.  (Docket no. 70, ex. A at p. 44).  However, these Defendants fail to address Plaintiff's allegations with regard to July 3, 2008, which is that these Defendants watched Plaintiff collapse on the floor in pain on July 3, 2008 yet made no attempt to secure medical assistance for him.

The record shows that Plaintiff was taken to segregation on July 3, 2008 after he collapsed, where he eventually received medical attention from Defendant Hessbrook.  Plaintiff states in his amended complaint that he saw Defendant Hessbrook doing rounds in segregation and he yelled for her to help him. (Docket no. 2 at ¶ 13).  Defendant Hessbrook's affidavit and Plaintiff's medical record also reveal that Plaintiff was medically evaluated after he was taken to segregation, yet they do not indicate who initiated the evaluation.  (Docket no. 70, ex. C, G).  There is no evidence to

show that Defendants Flore, Beauregard, Shaw, or Thelen sought medical assistance for Plaintiff on July 3, 2008. There is also no evidence to show whether or not these Defendants considered Plaintiff to be in any medical distress requiring immediate medical attention on this date. Finally, as previously indicated, it is unclear from the record whether Plaintiff's condition could be considered serious or whether Defendants should have perceived him to have a serious medical condition. Thus, questions of fact exist as to whether these Defendants had the requisite culpable state of mind.

Last, Defendants Flore, Beauregard, Shaw, and Thelen argue that they are entitled to dismissal because Plaintiff failed to exhaust his administrative remedies against these Defendants prior to filing suit. In support of their argument Defendants cite to Plaintiff's deposition testimony in which Plaintiff testified that there was no prohibition on filing grievances in segregation. (Docket no. 70, ex. A at p. 81). In a recent order the Court addressed this identical argument in relation to Defendant Chapelo and concluded that there remained questions of fact as to whether the administrative process was available to Plaintiff while he was in segregation. (Docket no. 80). For the reasons stated in that order, the Court should find that Defendants Flore, Beauregard, Shaw, and Thelen are not entitled to summary judgment based on a failure to exhaust argument.

**4.     Conclusion**

For the reasons stated above, the Court recommends that the second Motion for Summary Judgment filed by Defendants Hessbrook, Flore, Hensley, Beauregard, Shaw, and Thelen (docket no. 70) be **GRANTED** as to Defendant Hessbrook and **DENIED** as to Defendants Flore, Hensley, Beauregard, Shaw, and Thelen.

### III. NOTICE TO PARTIES REGARDING OBJECTIONS:

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n Of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Any objections must be labeled as "Objection #1," "Objection #2," etc. Any objection must recite *precisely* the provision of this Report and Recommendation to which it pertains. Not later than fourteen days after service of an objection, the opposing party must file a concise response proportionate to the objections in length and complexity. The response must specifically address each issue raised in the objections, in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.

Dated: December 7, 2012                         s/ Mona K. Majzoub
                                                                MONA K. MAJZOUB
                                                                UNITED STATES MAGISTRATE JUDGE

### PROOF OF SERVICE

I hereby certify that a copy of this Report and Recommendation was served upon Emmanuel Palmer and Counsel of Record on this date.

Dated: December 7, 2012                    s/ Lisa C. Bartlett
                                           Case Manager