UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EMMANUEL PALMER,

        Plaintiff,

v.

        Case Number 09-14642
        Honorable David M. Lawson
        Magistrate Judge Mona K. Majzoub

BARBRA HESSBROOK, KENNETH
FLORE, GARY HENSLEY, DONALD
BEAURGARD, JOHN CHAPELO,
GLEN THELEN, and ERIC SHAW,

        Defendants.
_____/

## OPINION AND ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION, OVERRULING PARTIES' OBJECTIONS TO REPORT AND RECOMMENDATION, GRANTING IN PART AND DENYING IN PART DEFENDANTS' SECOND MOTION FOR SUMMARY JUDGMENT, DISMISSING DEFENDANT HESSBROOK, AND CONTINUING ORDER OF REFERENCE

The matter is before the Court on the objections by the plaintiff and some of the defendants to the report filed by Magistrate Judge Mona K. Majzoub recommending that the defendants' motion for summary judgment be granted in part and denied in part. The Court entered a general order of reference to conduct all pretrial matters, after which the defendants filed their motion. Judge Majzoub filed her report on December 7, 2012. Defendants Flore, Shaw, Beauregard, Hensley, and Thelen filed timely objections, as did the plaintiff. The matter is before the Court for a *de novo* review.

The facts of the case have been discussed by the magistrate judge in her report and previous reports and by the Court in its prior opinions. The parties are familiar with them, and they need not be repeated here.

The Court has denied summary judgment motions filed by the defendants in this case previously. Defendants Hessbrook, Flore, Shaw, Beauregard, Hensley, and Thelen filed another motion for summary judgment after the magistrate judge gave them permission to do so. *See* E.D. Mich. LR 7.1(b)(2). In the motion, defendant Hessbrook argues that her additional affidavit, supplemented by the plaintiff's medical records that she omitted from her last motion filing, establish that there is no genuine issue of material fact on the issue of deliberate indifference. The magistrate judge concluded that although the evidence submitted does not resolve the issue of whether the plaintiff suffered from an objectively serious medical condition, the submissions establish the absence of proof that Hessbrook had a sufficiently culpable state of mind. The magistrate reasoned that Palmer did in fact receive medical treatment from Hessbrook on July 1 and July 3, 2008, so that the complaint is reduced to whether that treatment was adequate.

The plaintiff objects to the recommendation that the motion be granted for Hessbrook because the magistrate judge failed to address the plaintiff's negligence claims. He also believes that discovery should be reopened so he might develop his claim further. The Court disagrees. After conducting a fresh review, the Court reaches the same conclusion as the magistrate judge. The Sixth Circuit has stated that a prisoner that is allowed to suffer pain needlessly when relief is readily available does have a cause of action against those whose deliberate indifference is the cause of his suffering. *Westlake v. Lucas*, 537 F.2d 857, 860 (6th Cir. 1976). However, the court distinguished between cases where the complaint alleges a complete denial of medical care and those cases where the claim is that a prisoner received inadequate medical treatment. *Id.* at 860 n.5. Where a prisoner has received some medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims

which sound in state tort law. *Ibid.* Of course, in some cases the medical attention rendered may be so woefully inadequate as to amount to no treatment at all. *Ibid.* But differences in judgment between an inmate and prison medical personnel regarding appropriate medical diagnoses or treatment are insufficient to state a deliberate indifference claim. *Sanderfer v. Nichols*, 62 F.3d 151, 154-55 (6th Cir. 1995).

The plaintiff's objection that his state law claims were not addressed is without merit; those claims were dismissed by the court without prejudice on July 21, 2011. Nor is the plaintiff entitled to additional discovery.

Defendant Hensley argued in the motion that he is entitled to dismissal because in fact he contacted medical personnel on July 2, 2008 and did not perceive the plaintiff to be in any sort of distress. Therefore, he reasons, he is entitled to qualified immunity because the plaintiff cannot establish a violation of the Eighth Amendment. The magistrate judge recommended that Hensley's motion be denied because fact questions remained that called into question Hensley's state of mind. The magistrate judge based that finding on separate sworn affidavits Hensley submitted in support of the first and second motions for summary judgment. In the first affidavit, Hensley stated that he never told Palmer that he would call healthcare or get Palmer a lay-in food tray on July 2, 2008. In the second affidavit, Hensley changed his declarations, stating instead that he did in fact contact health care after he was asked to do so by Palmer. Hensley further stated that he was told by a nurse that Palmer would be seen the next day in healthcare.

Hensley objects to the recommendation and attempts to reconcile his inconsistent affidavits. This Court, on *de novo* review, finds that attempt unavailing and reaches the same conclusion as the magistrate judge. The Court denied summary judgment previously because fact issues remained,

and taking the plaintiff's version of the facts, deliberate indifference can be established. Because there is a genuine issue of material fact as to whether Hensley left the plaintiff to suffer in pain unattended, granting defendant Hensley qualified immunity is inappropriate. *Bouggess v. Mattingly*, 482 F.3d 886, 896 (6th Cir. 2007) ("When the legal question of immunity is completely dependent upon which view of the facts is accepted by the jury, the jury becomes the final arbiter of a claim of immunity.").

Defendants Flore, Shaw, Beauregard, and Thelen argue that they were not present on July 1, 2008 when the plaintiff fell down the stairs, and therefore they could not have the requisite culpable state of mind required by a deliberate indifference claim. Therefore, they argue, they are entitled to qualified immunity. They also contend that the plaintiff's claim is barred for failure to file grievances against them. The magistrate judge recommended that the motion be denied because the plaintiff alleged that these defendants violated his Eighth Amendment rights in an incident that occurred two days later when they failed to provide the plaintiff with medical care after observing him collapse on the floor in pain on July 3, 2008. The magistrate stated that Flore, Beauregard, Thelen, and Shaw failed to address the plaintiff's allegations with regard to July 3, 2008; they failed to respond to the allegations that they did nothing to assist the plaintiff medically after they watched him fall. The magistrate judge also suggested that a fact question existed on whether grievance forms were available to the plaintiff when he was in administrative segregation, so the exhaustion defense cannot be adjudicated as a matter of law.

The defendants' objections do not address the qualified immunity issue. Those objections are waived. "'[O]bjections disput[ing] the correctness of the magistrate's recommendation but fail[ing] to specify the findings . . . believed [to be] in error' are too general." *Spencer v. Bouchard*,

449 F.3d 721, 725 (6th Cir. 2006) (quoting *Miller*, 50 F.3d at 380). "[T]he failure to file specific objections to a magistrate's report constitutes a waiver of those objections." *Cowherd v. Million*, 380 F.3d 909, 912 (6th Cir. 2004).

Instead, the defendants contest the magistrate judge's conclusion that fact issues prevent a decision in their favor on the exhaustion defense. The Court disagrees. The Court previously found in denying a motion by codefendant John Chapelo that fact issues precluded summary judgment on the exhaustion issue. The defendants have not offered any new information to alter that conclusion.

Accordingly, it is **ORDERED** that the magistrate judge's report and recommendation [dkt #82] is **ADOPTED**.

It is further **ORDERED** that the plaintiff's and defendants' objections to the magistrate judge's report and recommendation [dkt #83, 84] are **OVERRULED**.

It is further **ORDERED** that the motion for summary judgment [dkt. #70] is **GRANTED IN PART AND DENIED IN PART**.

It is further **ORDERED** that the plaintiff's state law claims of negligence against all defendants are **DISMISSED WITHOUT PREJUDICE**.

It is further **ORDERED** that the complaint and amended complaint are **DISMISSED WITH PREJUDICE** as to defendant Barbara Hessbrook, **ONLY**.

It is further **ORDERED** that the matter is referred to Magistrate Judge Mona K. Majzoub under the previous reference order [dkt. #5] to ready the matter for trial, and to conduct a trial if the parties consent under 28 U.S.C. § 626(b)(1)(c).

s/David M. Lawson
DAVID M. LAWSON
United States District Judge

Dated: February 6, 2013

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on February 6, 2013.

s/Deborah R. Tofil
DEBORAH R. TOFIL

---